UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| DARREN DAVID RIGGS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CV413-134 |
| | ) | |
| MARTY ALLEN, *Warden*, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Darren David Riggs has petitioned this Court for habeas relief from his 2010 conviction in the Superior Court of Chatham County, Georgia for various offenses, including drug distribution and child molestation.[1] (Doc. 1.) He reveals in his 28 U.S.C. § 2254 petition that he has "simultaneously filed" a state habeas petition challenging the same Chatham County conviction (*id.* at 4), *and* that his petition for writ of

---

[1] The Court **GRANTS** Riggs' motion to proceed *in forma pauperis* (doc. 2) and respondent's motion for leave to file responsive pleadings out of time. (Doc. 10.) It **DENIES** Riggs' motion to strike respondent's response as untimely. (Doc. 13.) Because this petition is due to be dismissed, the Court **DENIES** Riggs' "evidence" and evidentiary hearing motions. (Docs. 17 & 19.)

certiorari to the United States Supreme Court from that conviction is still pending. (*Id.* at 5.)

The respondent asserts that Riggs has presented this Court with a mixed petition, for while certain of his claims are properly exhausted (grounds two and three), one of the two "sub-issues" raised in ground one "is new." (Doc. 11 at 2.) Respondent nevertheless contends that this "new" claim is both procedurally defaulted and fails to assert a violation of clearly established federal law.[2] (*Id.*; doc. 11-1 at 4.) Although respondent expressly declines to waive exhaustion (doc. 11 at 2), he also states that he "does not contest exhaustion . . . even though Petitioner has a state collateral attack pending which challenges the same

---

[2] Respondent's reliance upon *Teague v. Lane*, 489 U.S. 288 (1989), appears to be misplaced. Petitioner claims that counsel was ineffective for failing to preserve his right to self-representation or substitution of counsel at trial and during the litigation of his motion to withdraw his plea of guilty. Respondent asserts that because there is no federally recognized right to *pro se* representation except at trial, counsel's failure to raise and preserve the matter cannot amount to a constitutional claim. (Doc. 11-1 at 7-9.) The respondent admits, however, that Georgia has recognized the right of a criminal defendant to represent himself throughout the trial and appellate process. (*Id.* at 7 n.1.) A federal court is empowered to consider a claim of constitutional ineffectiveness in the context of an attorney's state-law errors. A petitioner need only show that his counsel rendered deficient performance and that the deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Court takes no position on whether Riggs can show deficient performance or prejudice on these facts. It simply wishes to point out that ineffectiveness is itself a constitutional claim and it need not be anchored in some other constitutional defect.

convictions and even though he raises a new claim in ground one as delineated above." (*Id.* at 3.[3])

Since respondent has not expressly waived exhaustion as to Riggs' new, unexhausted claim, the case would ordinarily be subject to dismissal without prejudice, leaving petitioner "with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Pliler v. Ford*, 542 U.S. 225, 230 (2004) (*Rose* requires the dismissal of mixed habeas petitions). But Riggs' petition is not yet ripe for federal review, since he asserts that he has sought a writ of certiorari from the Supreme Court and that petition has yet to be decided. *See Maharaj v. Sec'y Dep't of Corrs.*, 304

---

[3] The state cannot have it both ways, i.e., it cannot both insist upon exhaustion of a petitioner's state remedies and "not contest" this Court's consideration of his unexhausted claims. Section 2254(b)(3) "forbids a finding that exhaustion has been waived unless the State *expressly* waives the requirement." *Banks v. Dretke*, 540 U.S. 668, 705 (2004) (emphasis added); *McNair v. Campbell*, 416 F.3d 1291, 1305-06 (11th Cir. 2005) (same). To allow the state to hedge exhaustion in this manner is not only inconsistent with the express-waiver requirement of § 2254(b)(3) but would allow the state to hold exhaustion as trump card should the Court rule adversely to it on the merits of the unexhausted claim. Moreover, even if respondent had properly waived exhaustion as to ground one, petitioner has submitted an additional ground for relief based on a recently acquired affidavit. (Doc. 13 at 9.) Respondent has not addressed the new ground, much less waived exhaustion as to it.

F.3d 1345, 1348-49 (11th Cir. 2002) (a habeas petition is not ripe for review until it has become final).[4]

Accordingly, Riggs § 2254 petition should be **DISMISSED WITHOUT PREJUDICE** for lack of finality.

**SO REPORTED AND RECOMMENDED** this ___26th___ day of November, 2013.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[4] In the context of postconviction relief, "finality has a long-recognized, clear meaning: Finality attaches when [the United States Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003). Riggs must await the Supreme Court's decision before coming to this Court.